UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TRICKETT REALTY TRUST<br>1180 Main Street<br>Tewksbury, MA 02117 | )<br>)<br>) | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |
| Plaintiff | ) | |
| v. | ) | |
| BROAN-NUTONE, LLC<br>926 W. State Street<br>Hartford, WI 53027 | )<br>)<br>) | |
| Defendant | | |

## COMPLAINT

Plaintiff, Trickett Realty Trust, by and through its counsel, Cozen O'Connor, complaining of defendant, Broan-NuTone, LLC, hereby avers, upon information and belief, the following:

## PARTIES

1.  Plaintiff, Trickett Realty Trust ("Trickett Realty"), is a Trust created under the laws of the Commonwealth of Massachusetts with its principal place of business located at 1180 Main Street, Tewksbury, Massachusetts, and, at all times relevant hereto, operated a service station/retail store at 1220 Main Street, Tewksbury, Massachusetts ("the Property").

2.  Defendant, Broan-Nutone, LLC ("Broan"), upon information and belief, is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located at 926 W. State Street, Hartford, Wisconsin, and, at all times relevant hereto, was engaged, *inter alia*, in the business of designing, engineering, manufacturing, distributing, and selling ceiling ventilation fans.

## JURISDICTION AND VENUE

3.  Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4.  Venue is proper in this district based on 28 U.S.C. §1391(a) in that the event giving rise to this claim occurred within this district.

## GENERAL ALLEGATIONS

5.  Prior to July 29, 2007, Broan designed, engineered, manufactured, sold and/or distributed into the stream of commerce a ceiling ventilation fan Model No. 696N-RO2 B.

6.  On or about July 29, 2007, a fire originated in the men's bathroom located on the Property.

7.  The fire originated at the ceiling ventilation fan Model No. 696N-RO2 B (the "subject fan"), that was designed, engineered, manufactured, sold and/or distributed into the stream of commerce by Broan.

8.  As a direct and proximate result of the aforementioned fire, the Property was severely damaged and destroyed.

9.  As a direct and proximate result of the aforementioned fire, plaintiff Trickett Realty suffered damage and destruction to its Property in an amount in excess of $383,000.00.

## COUNT I – STRICT LIABILITY

10. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

11. At all times relevant hereto, the subject fan, which Broan designed, engineered, manufactured, sold and/or distributed into the stream of commerce, was not modified, changed and/or abused by plaintiff and/or other users of same at the Property.

12. Broan designed, engineered, manufactured, sold and/or distributed into the stream of commerce the aforesaid subject fan in a dangerously defective condition.

13. The fire and resultant damage and destruction to plaintiff's Property was caused by and/or resulted from the acts and/or omissions of Broan, by and through its agents, servants, subagents, employees and/or representatives, acting within the course and scope of their employment, for which Broan is strictly liable pursuant to §402A Restatement (Second) of Torts in:

(a) designing and/or engineering and/or manufacturing a dangerously defective ventilation fan that Broan knew or reasonably should have known exposed plaintiff's Property to an unreasonable risk of harm;

(b) selling and/or distributing the dangerously defective subject fan into the stream of commerce that Broan knew or reasonably should have known subjected plaintiff's Property to an unreasonable risk of harm;

(c) failing to properly and adequately design, engineer and/or manufacture the subject fan before introducing it into the stream of commerce;

(d) failing to properly and adequately inspect and/or test the subject fan before introducing it into the stream of commerce;

(e) failing to provide adequate and sufficient warnings and instructions with respect to the subject fan that rendered it defective and unreasonably dangerous;

(f) failing to properly and adequately design, engineer, manufacture, sell and/or distribute into the stream of commerce the subject fan without proper and adequate internal over-temperature devices, thermal protector, properly functioning internal circuit breaker or internal over-temperature alarm system that rendered it hazardous and dangerous for its contemplated, foreseeable and intended use;

(g) failing to warn plaintiff and other intended users and consumers of the aforesaid dangerously defective conditions that Broan knew or reasonably should have known existed and created an unreasonable risk of harm to plaintiff's Property;

(h) failing to correct the defective conditions that Broan knew or reasonably should have known existed and created an unreasonable risk of harm to plainitff's Property;

(i) misrepresenting the attributes and uses of its product when Broan knew or reasonably should have known that future users would justifiably rely on those misrepresentations; and

(j) otherwise acting in a manner which subjected Broan to strict liability under all of the circumstances.

14. As a direct and proximate result of Broan's wrongful acts and/or omissions for which Broan is strictly liable to plaintiff pursuant to §402A Restatement (Second) of Torts, plaintiff suffered damage and destruction to its Property in an amount in excess of $383,000.00.

WHEREFORE, plaintiff, Trickett Realty Trust, demands judgment against defendant, Broan-Nutone, LLC, for damages in an amount in excess of $383,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

## COUNT II – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

15. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

16. At all times relevant hereto, Broan expressly and/or impliedly promised, covenanted and warranted that the subject fan, including all related components and parts, would be of merchantable quality and fit for its ordinary, intended and foreseeable purposes and uses.

17. At all times relevant hereto, Broan expressly and/or impliedly promised, covenanted and warranted that the subject fan was supplied free from defects.

4

18.   The fire and resultant damage and destruction to plaintiff's Property was caused by and resulted from the breaches of Broan, by and through its agents, servants, subagents, employees and/or representatives, acting within the course and scope of their employment, of express and/or implied warranties of merchantability and fitness for a particular purpose for which the subject fan was used and intended to be used, and of the express and/or implied warranties that the subject fan was supplied free from defects.

19.   As a direct and proximate result of Broan's conduct in breaching the aforesaid express and/or implied warranties, plaintiff suffered damage and destruction to its Property in excess of $383,000.00.

WHEREFORE, plaintiff, Trickett Realty Trust, demands judgment against defendant, Broan-Nutone, LLC, for damages in an amount in excess of $383,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

Respectfully submitted,

/s/ Patrick J. Loftus, III
PATRICK J. LOFTUS, III (BBO #303310)
9 Park Street - 5th Floor
Boston, MA 02108
(617) 723-7770

OF COUNSEL:
STEVEN K. GERBER, ESQUIRE
COZEN O'CONNOR
The Atrium - Third Floor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000