**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| EMPLOYERS FIRE INSURANCE COMPANY<br>as Subrogee of Trickett Realty Trust, et al.<br>One Beacon Lane<br>Canton, MA 02021 | )<br>)<br>)<br>) | CIVIL ACTION NO.:<br>C.A. NO.: 1:09-cv-11730-NG |
| | )<br>) | **JURY TRIAL DEMANDED** |
| Plaintiff | ) | |
| v. | )<br>) | |
| NUTONE, Inc.<br>4820 Red Bank Road<br>Cincinnati, OH 45227 | )<br>)<br>) | |
| Defendant | | |

**AMENDED COMPLAINT**

Plaintiff, Employers Fire Insurance Company, by and through its counsel, Cozen O'Connor, complaining of defendant, NuTone, Inc., hereby avers, upon information and belief, the following:

**PARTIES**

1. Plaintiff, Employers Fire Insurance Company (hereinafter "Employers Fire") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located at One Beacon Lane, Canton, Massachusetts, 02021 which at all times material hereto was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. Defendant, NuTone, Inc. (hereinafter "NuTone"), is a corporation duly organized and existing under and the laws of the State of Delaware with a principal place of business at 4820 Red Bank Road, Cincinnati, Ohio 45227-1599.

## JURISDICTION AND VENUE

3. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the event giving rise to this claim occurred within this district.

## GENERAL ALLEGATIONS

5. At all times material hereto, Plaintiff Employers Fire provided insurance coverage to Trickett Realty Trust, EKS Corp., EKS II Corp, et al., with respect to certain retail properties including 1220 Main Street, Tewksbury, Massachusetts, a gas station and convenience store, (hereinafter "the property").

6. Prior to July 29, 2007, Nutone designed, engineered, manufactured, sold and/or distributed into the stream of commerce a ceiling ventilation fan Model No. 696N-RO2 B.

7. On or about July 29, 2007, a fire originated in the men's bathroom located on the Property.

8. The fire originated at the ceiling ventilation fan Model No. 696N-RO2 B (the "subject fan"), that was designed, engineered, manufactured, sold and/or distributed into the stream of commerce by Nutone.

9. As a direct and proximate result of the aforementioned fire, the Property was severely damaged and destroyed.

10. Pursuant to the terms and conditions of its contract of insurance, Plaintiff Employers Fire has made payments to its insured in the amount of $383,127.67.

11.     As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Plaintiff Employers Fire is subrogated to the rights of its insured against all parties responsible for the occurrence of said damages.

## COUNT I – STRICT LIABILITY

12.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

13.     At all times relevant hereto, the subject fan, which Nutone designed, engineered, manufactured, sold and/or distributed into the stream of commerce, was not modified, changed and/or abused by plaintiff's subrogor and/or other users of same at the Property.

14.     Nutone designed, engineered, manufactured, sold and/or distributed into the stream of commerce the aforesaid subject fan in a dangerously defective condition.

15.     The fire and resultant damage and destruction to plaintiff's subrogor's Property was caused by and/or resulted from the acts and/or omissions of Nutone, by and through its agents, servants, subagents, employees and/or representatives, acting within the course and scope of their employment, for which Nutone is strictly liable pursuant to §402A Restatement (Second) of Torts in:

(a)     designing and/or engineering and/or manufacturing a dangerously defective ventilation fan that Nutone knew or reasonably should have known exposed plaintiff's subrogor's Property to an unreasonable risk of harm;

(b)     selling and/or distributing the dangerously defective subject fan into the stream of commerce that Nutone knew or reasonably should have known subjected plaintiff's subrogor's Property to an unreasonable risk of harm;

(c)     failing to properly and adequately design, engineer and/or manufacture the subject fan before introducing it into the stream of commerce;

3

~~(d)   failing to properly and adequately inspect and/or test the subject fan before~~ introducing it into the stream of commerce;

(e)   failing to provide adequate and sufficient warnings and instructions with respect to the subject fan that rendered it defective and unreasonably dangerous;

(f)   failing to properly and adequately design, engineer, manufacture, sell and/or distribute into the stream of commerce the subject fan without proper and adequate internal over-temperature devices, thermal protector, properly functioning internal circuit breaker or internal over-temperature alarm system that rendered it hazardous and dangerous for its contemplated, foreseeable and intended use;

(g)   failing to warn plaintiff's subrogor and other intended users and consumers of the aforesaid dangerously defective conditions that Nutone knew or reasonably should have known existed and created an unreasonable risk of harm to plaintiff's subrogor's Property;

(h)   failing to correct the defective conditions that Nutone knew or reasonably should have known existed and created an unreasonable risk of harm to plaintiff's Property;

(i)   misrepresenting the attributes and uses of its product when Nutone knew or reasonably should have known that future users would justifiably rely on those misrepresentations; and

(j)   otherwise acting in a manner which subjected Nutone to strict liability under all of the circumstances.

16.   As a direct and proximate result of Nutone's wrongful acts and/or omissions for which Nutone is strictly liable to plaintiff pursuant to §402A Restatement (Second) of Torts, plaintiff's subrogor suffered damage and destruction to its Property in an amount in excess of $383,000.00.

4

WHEREFORE, plaintiff Employers Fire demands judgment against defendant Nutone, Inc., for damages in an amount in excess of $383,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

### COUNT II – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

17. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

18. At all times relevant hereto, Nutone expressly and/or impliedly promised, covenanted and warranted that the subject fan, including all related components and parts, would be of merchantable quality and fit for its ordinary, intended and foreseeable purposes and uses.

19. At all times relevant hereto, Nutone expressly and/or impliedly promised, covenanted and warranted that the subject fan was supplied free from defects.

20. The fire and resultant damage and destruction to plaintiff's subrogor's Property was caused by and resulted from the breaches of Nutone, by and through its agents, servants, subagents, employees and/or representatives, acting within the course and scope of their employment, of express and/or implied warranties of merchantability and fitness for a particular purpose for which the subject fan was used and intended to be used, and of the express and/or implied warranties that the subject fan was supplied free from defects.

21. As a direct and proximate result of Nutone's conduct in breaching the aforesaid express and/or implied warranties, plaintiff's subrogor suffered damage and destruction to its Property in excess of $383,000.00.

5

WHEREFORE, plaintiff Employers Fire demands judgment against defendant Nutone, Inc., for damages in an amount in excess of $383,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

          Respectfully submitted,

          COZEN O'CONNOR

          /s Steven K. Gerber
          Steven K. Gerber, Esquire (PHV)
          1900 Market Street
          Philadelphia, PA  19103
          (215) 665-2088 tel.
          (215) 701-2088 fax
          sgerber@cozen.com

          Patrick Loftus, III
          No. 9 Park Street
          Suite 500
          Boston, MA  02108
          Tel.: 617-723-7770
          soxdctr@aol.com

          Attorneys for Plaintiff